UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLYN RYGG, et al.,

        Plaintiffs,

    v.

DAVID F HULBERT, et al.

        Defendants.

CASE NO. C13-864 JLR

ORDER ON MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO RECUSE

The Court, having received and reviewed Plaintiffs' Motion for Reconsideration of Order Denying Motion to Recuse (Dkt. No. 31), rules as follows:

IT IS ORDERED that the motion is DENIED.

Plaintiffs purport to bring before the Court evidence of bias from an extrajudicial source which requires Judge Robart to recuse himself from their case and renders erroneous this Court's upholding Judge Robart's refusal to do so.

Plaintiffs' "new evidence" of bias consists of statements of Judge Robart's drawn from orders which he has issued in their cases. They contrast a statement from an earlier case tried

before Judge Robart[1] with a portion of Judge Robart's order declining to recuse himself in the pending lawsuit[2] and conclude that his earlier statement about "working in a conspiracy" must have come from an "extrajudicial source."  The argument is specious: both statements are taken out of context and the logic by which Plaintiffs connect them is questionable at best.  The quoted remarks represent (in the first instance) Judge Robart's description of <u>Plaintiffs'</u> beliefs about him based on their legal arguments and (in the second instance) a simple statement of fact that Judge Robart was not a named defendant in the lawsuits and thus not formally accused of any wrongdoing.  Neither represent information obtained from an extrajudicial source and Plaintiffs have failed to articulate grounds for reconsideration of this Court's order.

Plaintiffs then claim that a statement made in their previous lawsuit in front of Judge Robart – "The Ryggs seek to conjure up a world in which they have been wronged by everyone around them and cheated by the judicial system, but this world does not exist.[3]" -- was "not based on the pleadings before Judge Robart, and thus… 'reveal an opinion that derives from an extrajudicial source' requiring recusal."  Mtn, p. 2 (citation omitted).

It is hard to imagine a clearer example of a judicial opinion which is based on the pleadings presented to the court.

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.

---

[1] "The Ryggs have requested a new trial for a litany of reasons that reflect their apparent belief that this court (along with the Washington State Judiciary) has been working in conspiracy with the Defendants against them. (*See generally* Mot. for New Trial (Dkt. # 331) at 2-10.)" <u>Rygg v. Hulbert</u>, C11-1827, Dkt. 337, p. 3.

[2] "The court is not a named defendant in either action and it is perfectly clear from the record that the court is not being accused of any wrongdoing." Dkt. No. 15, p. 8.

[3] <u>Rygg v. Hulbert</u>, C11-1827, Dkt. No. 335, p. 2.

1   <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).  This Court finds before, as it has found

2   previously, that Judge Robart's statements represent nothing more than permissible judicial

3   opinion and that they display neither antagonism nor favoritism.  The fact that this statement has

4   been quoted numerous times by the opposing parties in this case proves nothing – just because a

5   statement is <u>favorable</u> to one side or another in a lawsuit does not mean that it exhibits

6   <u>favoritism</u>.

7     Plaintiffs have failed to articulate adequate grounds for reconsideration of the Court's

8   previous order upholding Judge Robart's refusal to recuse himself in this matter.  Their motion is

9   DENIED.

  The clerk is ordered to provide copies of this order to all counsel.

  Dated this 22nd day of October, 2013.

*[signature]*

Marsha J. Pechman
United States Chief District Judge