UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN RYGG, et al., | CASE NO. C13-0864JLR |
| Plaintiffs, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| DAVID F. HULBERT, et al., | |
| Defendants. | |

Before the court is a motion to dismiss brought by numerous Defendants against Plaintiffs Carolyn Rygg and Craig Dilworth. (Mot. (Dkt. # 9).) The Ryggs' complaint, in many respects, simply repeats claims previously brought by the Ryggs in an earlier-filed action. In the previous action, the court dismissed these same claims for lack of subject matter jurisdiction. The court still does not have subject matter jurisdiction over these claims and accordingly GRANTS Defendants' motion to dismiss these claims. This leaves no federal claims in the case, and the court declines to exercise supplemental

ORDER- 1

jurisdiction over the remaining state law claims. Accordingly, the court GRANTS the motion to dismiss and DISMISSES the Ryggs' complaint without prejudice.

## I.  BACKGROUND

This case is a new iteration of a dispute that began in 2004 and has spawned multiple lawsuits in both state and federal court. (*See* 7/19/13 Order (Dkt. # 4) at 1.) In the previous iteration, the Ryggs brought 50 claims against multiple defendants including their neighbors, numerous attorneys, and numerous Washington State judges. (*Rygg, et al. v. Hulbert, et al.*, No. C11-1827JLR, Am. Compl. (Dkt. # 7).) In that action, the Ryggs alleged a vast conspiracy to deprive them of justice and property, to invade their privacy, and to violate state and federal law. (*See id.*) The court dismissed 48 of the Ryggs' 50 claims on a motion to dismiss. (*Rygg, et al. v. Hulbert, et al.*, No. C11-1827JLR, 7/16/12 Order (Dkt. # 104).) The remaining two claims went to trial before a jury, which returned an almost immediate verdict for Defendants Larry and Kaaren Reinertsen. (*See Rygg, et al. v. Hulbert, et al.*, No. C11-1827JLR, Jury Verdict (Dkt. # 315).)

The Ryggs filed this new action during the lead-up to trial in the earlier action. The Ryggs claim they were forced to file this new action because the court denied their motion to amend in the previous action. (Mot. to Recuse (Dkt. # 14) at 2.)

This new complaint is materially similar to the previous one. In particular, the Ryggs name as defendants in this action many of the same defendants from the prior action. (Compl. (Dkt. # 1) at 2-3.) The only new defendants in this action are attorneys from the prior action: Cory Rein, Patrick Vail, Geoffrey Gibbs, and Ian Johnson. (*See*

*id.*)  The new action, like the old action, asserts claims against at least five judges from the Washington State Court of Appeals, six judges from the Washington State Supreme Court, many of the Ryggs' neighbors, and numerous attorneys who represented defendants in prior actions.  (*Id.*)  They also assert similar causes of action as in the earlier action, including many that are virtually identical to those found in the earlier complaint.  The Ryggs' causes of action include:  (1) "Set aside 2005 Judgment as Void Because Hulbert Not a Judge in 2005; Enjoin Future State Court Process on Void Judgment" (based on due process, equal protection, and state law); (2) "Fraud in Creating Back-Dated Orders Not in Existence in 2005-March of 2012"; (3) "Fraud on Federal Court"; (4) "Joint Use of Information Obtained By Electronic Eavesdropping"; (5) "Abuse of Process/Deprivation of Property Rights Without Due Process"; (6) "Assault and Battery"; (7) "Fraud on State Court"; (8) "Action to Restore Lost Monument/Clear Cloud on Title"; (9) "Abuse of State Court Proceedings to Harass and Injure Plaintiffs"; (10) "Violation of 1st Amendment Right by Retaliating Against Plaintiffs' Counsel to Deprive Ryggs of Counsel"; and (11) "State Statute Allowing Unpublished Decisions is Repugnant to 14th Amendment to the U.S. Constitution; Declaratory and Injunctive Relief" (based on equal protection, due process, First Amendment, overbreadth and vagueness).  (*Id.* at 6, 8, 10, 15, 21-23, 30, 35, 37, 39.)

   The court stayed the case sua sponte, holding that a stay was appropriate given the unique background of this case and the potential hardship on Defendants:

> Defendants would suffer substantial hardship from being forced to defend a second action so similar in character to the one that [preceded] it.  Indeed, if this case is allowed to move forward in ordinary fashion, there is nothing to

ORDER- 3

stop the Ryggs from continually bringing new lawsuits against the same defendants over and over for years to come, adding a handful of new allegations and legal theories each time.

(7/19/13 Order at 4.) The court held that all proceedings would be stayed, but that Defendants would be permitted to file a single joint motion to dismiss and Plaintiffs would be permitted to respond. (*Id.* at 1.) This motion to dismiss followed.

## II.     ANALYSIS

**A.     Lack of Subject Matter Jurisdiction—Counts 1-3, 14-18**

The court lacks subject matter jurisdiction to hear most of the Ryggs' claims. The central problem with the Ryggs' complaint is that it simply repeats many claims that the court dismissed in the previous action,[1] and the same logic that compelled the court to dismiss the claims in the previous action applies here too.

Indeed, eight of the causes of action that appear in this new complaint also appeared in the previous complaint. In particular, Counts 1-3 ("Set Aside Judgment as Void Because Hulbert Not a Judge in 2005; Enjoin Future State Court Process on Void Judgment") duplicate Counts 1-3 in the first action ("Set Aside 2005 Judgment as Void Because Hulbert Not a Judge in 2005; Enjoin Future State Court Process on Void Judgment"). (*Compare* Compl. at 5-7 *with Rygg, et al. v. Hulbert, et al.*, No. C11-1827JLR, Am. Compl. at 18-21.) Likewise, Counts 14-18 duplicate Counts 14-19 in the earlier action. (*Compare* Compl. at 35-40 *with Rygg, et al. v. Hulbert, et al.*, No. C11-

---

[1] The claims may also be precluded by the doctrine of "claim splitting"—a relative of the res judicata doctrine. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). However, the court will not address this question in the absence of subject matter jurisdiction.

1827JLR, Am. Compl. at 88-94.)  These eight causes of action are identical in substance to the corresponding causes of action contained in the prior complaint, and the parties are all either the same or have an identity of interests with respect to the claims at issue.

In the prior action, the court dismissed all of the claims in question for lack of subject matter jurisdiction. (*Rygg, et al. v. Hulbert, et al.*, No. C11-1827JLR, 7/16/12 Order.)  The court dismissed Counts 1-3 for lack of subject matter jurisdiction because the claims failed to state a cognizable legal theory and were contradicted by judicially noticeable public records.  (*Id.* at 48-49.)  Likewise, the court dismissed Counts 14-19 under the *Rooker-Feldman* doctrine, which "bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Industr. Corp.*, 544 U.S. 280, 284 (2005)).  Again, the court held that it lacked subject matter jurisdiction over those claims.  (*Rygg, et al. v. Hulbert, et al.*, No. C11-1827JLR, 7/16/12 Order at 20-21.)

These claims have resurfaced in this new action, but no relevant facts have changed:  the court still does not have subject matter jurisdiction to hear them.  The Ryggs have alleged no new facts with respect to these claims that would give the court subject matter jurisdiction where it had none before.  (*See* Compl.)  The court incorporates the analysis from its prior order into this order.  The claims in this case are largely the same, so the same reasoning applies.  As such, the court is without jurisdiction to hear Counts 1-3 and 14-18 and DISMISSES those claims without prejudice.

**B.      Count 13**

In Count 13 of their complaint, the Ryggs nominally assert a First Amendment claim. (Compl. ¶¶ 184-88.) They assert that they "have a right to counsel of their choice" (*id.* ¶ 185) and that their "right to free speech and to petition the government are infringed" on account of disciplinary action taken against their attorney in a separate matter (*id.* ¶¶ 186-87). Indeed, the Ryggs' attorney in this action was recently suspended from the practice of law. (*See In re Matter of Starczewski*, No. 2:13-rd-00082-MJP, 9/20/13 Order (Dkt. # 8).) The Ryggs are correct that civil litigants have a First Amendment right to be represented by counsel of their choice. *See, e.g.*, *Hart v. Gaioni*, 261 Fed. Appx. 66, 67 (9th Cir. 2007) (unpublished). But they do not have a protected First Amendment right to be represented by an attorney who is suspended from the practice of law. *See, e.g.*, *In re Gopman*, 531 F.2d 262, 268 (5th Cir. 1976); *Thoma v. A.H. Robins Co.*, 100 F.R.D. 344 (D.N.J. 1983); *Matter of Grand Jury Proceedings*, 428 F. Supp. 273, 277-78 (E.D. Mich. 1976); *Kremer v. Stewart*, 378 F. Supp. 1195 (E.D. Pa. 1974); *Hartman v. Cmmr. of Internal Revenue*, 65 T.C. 542, 542-43 (Tax Court 1959); *cf. United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006). The Ryggs request that either (1) the disciplinary proceeding against their attorney be stayed or (2) their attorney be allowed to continue to represent them while she is suspended. (Compl. ¶¶ 187-88.) The Ryggs have presented no authority in support of this claim and have not stated a cognizable legal theory showing that they are entitled to this relief. Accordingly, the court DISMISSES Count 13 without prejudice.

//

### C. The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State Law Claims

The only claims left in this case are state law claims. The claims discussed above have all been dismissed and the Ryggs voluntarily dismissed Counts 5 and 6. This leaves Count 4 (fraud), Count 7 (abuse of process),[2] Count 8 (assault and battery), Count 9 (fraud), Counts 10 and 11 (action to restore lost monument/clear cloud on title under RCW 58 .04.020), and Count 12 ("abuse of state court proceedings").

If a district court has dismissed all claims over which it has original federal jurisdiction, "[t]he district court[] may decline to exercise supplemental jurisdiction over" the remaining state law claims. 28 U.S.C. § 1367(c). In evaluating when it is appropriate to exercise supplemental jurisdiction, courts should consider "the values of judicial economy, convenience, fairness, and comity." *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). When the federal claims have dropped out of a case early, the court ordinarily "should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). This is not a mandatory rule, but "in the usual case in which all federal-law claims are eliminated before trial," the court should dismiss the state law claims as well. *Id.* at 350 n.7; *Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996).

---

[2] The Ryggs call this cause of action "Abuse of Process/Deprivation of Property Rights Without Due Process" (Compl. at 21), but it is clear this is not a due process claim as that term is usually understood. It is an abuse of process claim. (*See* Compl. ¶¶ 129-36.) The Ryggs have not alleged that any government actor deprived them of due process, nor have they described anything that resembles an actual due process claim. The court will not treat this abuse of process claim as a federal due process claim.

ORDER- 7

The court declines to exercise supplemental jurisdiction over the remaining state law claims.  Here, the federal claims have dropped out of the case at the earliest possible stage.  The court has invested no time and energy in the state law claims other than time spent on similar claims in the previous action.  Thus, judicial economy does not suggest deviating from the ordinary course.  *See Reynolds*, 84 F.3d at 1171.  Likewise, convenience does not favor retaining supplemental jurisdiction because the state claims "may easily be carried across the street to the courtroom of a state superior court judge." *Schneider v. TRW, Inc.*, 938 F.2d 986, 997 (9th Cir. 1991).  With respect to fairness and comity, there are no salient considerations that counsel in favor of keeping these purely state law claims in federal court.  Accordingly, the court follows the ordinary path in cases where all federal claims are dismissed in the early stages, declines to exercise supplemental jurisdiction, and DISMISSES the remaining state law claims without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 9) and DISMISSES the Ryggs' complaint without prejudice.[3]

//

//

//

---

[3] The court also denies the Ryggs' pending motion for Rule 56(d) discovery (Dkt. # 32). The Ryggs ask for discovery with respect to Defendants' assertion of Anti-SLAPP statutes. Since the court does not reach the Anti-SLAPP arguments, discovery is unnecessary.

Dated this 12th day of November, 2013.

*[signature]*

JAMES L. ROBART
United States District Judge