# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CAROLYN RYGG, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>DAVID F. HULBERT, et al.,<br><br>　　　　　　Defendants. | CASE NO. C13-0864JLR<br><br>ORDER DENYING MOTION TO AMEND JUDGMENT |

Before the court is Plaintiffs Carolyn Rygg and Craig Dilworth's ("the Ryggs") motion to amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e). (Mot. (Dkt. # 42).) The court previously dismissed this case on a motion to dismiss, entering judgment against the Ryggs on November 12, 2013. (*See* 11/12/13 Order (Dkt. # 40); Judgment (Dkt. # 41).) The Ryggs now move to have the court amend the judgment, effectively asking the court to reconsider its prior ruling. (*See* Mot.) To the extent this is a motion for reconsideration, the court denies it as untimely. *See* Local

ORDER- 1

Rules W.D. Wash. LCR 7(h)(2). However, to the extent it is a proper Rule 59(e) motion, the court denies it for the reasons described below.

## I. BACKGROUND

This case is a new iteration of a dispute that began in 2004 and has spawned multiple lawsuits in both state and federal court. (*See* 7/19/13 Order (Dkt. # 4) at 1.) In the previous iteration, the Ryggs brought 50 claims against multiple defendants including their neighbors, numerous attorneys, and numerous Washington State judges. (*Rygg, et al. v. Hulbert, et al.*, No. C11-1827JLR, Am. Compl. (Dkt. # 7).) In that action, the Ryggs alleged a vast conspiracy to deprive them of justice and property, to invade their privacy, and to violate state and federal law. (*See id.*) The court dismissed 48 of the Ryggs' 50 claims on a motion to dismiss. (*Rygg, et al. v. Hulbert, et al.*, No. C11-1827JLR, 7/16/12 Order (Dkt. # 104).) The remaining two claims went to trial before a jury, which returned a verdict for Defendants Larry and Kaaren Reinertsen. (*See Rygg, et al. v. Hulbert, et al.*, No. C11-1827JLR, Jury Verdict (Dkt. # 315).)

The Ryggs filed this new action during the lead-up to trial in the earlier action. The Ryggs claim they were forced to file this new action because the court denied their motion to amend in the previous action. (Mot. to Recuse (Dkt. # 14) at 2.)

This new complaint is materially similar to the previous one. In particular, the Ryggs name as defendants in this action many of the same defendants from the prior action. (Compl. (Dkt. # 1) at 2-3.) The only new defendants in this action are attorneys from the prior action: Cory Rein, Patrick Vail, Geoffrey Gibbs, and Ian Johnson. (*See id.*) The new action, like the old action, asserts claims against at least five judges from

the Washington State Court of Appeals, six judges from the Washington State Supreme Court, many of the Ryggs' neighbors, and numerous attorneys who represented defendants in prior actions. (*Id.*) They also assert similar causes of action as in the earlier action, including many that are virtually identical to those found in the earlier complaint. The Ryggs' causes of action include: (1) "Set aside 2005 Judgment as Void Because Hulbert Not a Judge in 2005; Enjoin Future State Court Process on Void Judgment" (based on due process, equal protection, and state law); (2) "Fraud in Creating Back-Dated Orders Not in Existence in 2005-March of 2012"; (3) "Fraud on Federal Court"; (4) "Joint Use of Information Obtained By Electronic Eavesdropping"; (5) "Abuse of Process/Deprivation of Property Rights Without Due Process"; (6) "Assault and Battery"; (7) "Fraud on State Court"; (8) "Action to Restore Lost Monument/Clear Cloud on Title"; (9) "Abuse of State Court Proceedings to Harass and Injure Plaintiffs"; (10) "Violation of 1st Amendment Right by Retaliating Against Plaintiffs' Counsel to Deprive Ryggs of Counsel"; and (11) "State Statute Allowing Unpublished Decisions is Repugnant to 14th Amendment to the U.S. Constitution; Declaratory and Injunctive Relief" (based on equal protection, due process, First Amendment, overbreadth and vagueness). (*Id.* at 6, 8, 10, 15, 21-23, 30, 35, 37, 39.)

Defendants filed a motion to dismiss, which the court granted. (*See* 11/12/13 Order.) Defendants argued that none of the Ryggs' claims were meritorious and that many were not properly before the court. The court agreed, holding that:

> In the previous action, the court dismissed these same claims for lack of subject matter jurisdiction. The court still does not have subject matter jurisdiction over these claims and accordingly GRANTS Defendants'

> motion to dismiss these claims. This leaves no federal claims in the case, and the court declines to exercise supplemental jurisdiction over the remaining state law claims.

(*Id.*) This motion to amend the judgment followed three and a half weeks later. (*See* Mot.)

## II. ANALYSIS

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotation marks omitted). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation marks and citation omitted); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (stating that a Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

There are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) on the basis of newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) on the basis of an intervening change in controlling law. *Turner*, 338 F.3d at 1063. Demonstrating one of these four reasons for reopening a judgment is a "high hurdle."

*Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Judgment is not properly altered or amended "absent highly unusual circumstances." *Id*.

This case does not present highly unusual circumstances. The Ryggs have asked the court to amend the judgment despite the fact that none of the conditions described above appear to be met. Instead, the Ryggs seek to "relitigate old matters" and "raise arguments or present evidence that could have been raised prior to the entry of judgment." *See Exxon*, 554 U.S. at 485 n. 5; *see also Carroll*, 342 F.3d at 945. This is not a proper use of a motion to amend under Rule 59(e).

The Ryggs have not met the standard articulated above. They have not shown manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, or any intervening change in the controlling law. *See Turner*, 338 F.3d at 1063. Instead, the Ryggs simply attempt to rehash arguments made earlier in the litigation. Indeed, this motion largely mirrors the Ryggs' previously-filed response to Defendants' motion to dismiss. (*Compare* Mot. *with* Rygg Resp to MTD (Dkt. # 17).) For example, the Ryggs argue that the *Rooker-Feldman* doctrine does not bar their claims, but they raised this issue previously and the court already held the opposite. (*Compare* Mot. at 4-5 *with* 11/12/13 Order at 4-5.) Likewise, the Ryggs argue that their state claims are actually federal claims, but the court has already addressed and rejected this argument. (Mot. at 9, 11-12; 11/12/13 Order at 7-8.) The Ryggs raise no new arguments that persuade the court that it made a manifest error in its original order, or that it has caused manifest injustice. Thus, the Ryggs have not cleared the "high hurdle" for motions to amend a judgment under Rule 59(e). *See Weeks*, 246 F.3d at 1236.

### III.    CONCLUSION

For the reasons described above, the Ryggs' motion to amend the judgment (Dkt. # 42) pursuant to Rule 59(e) is DENIED.

Dated this 15th day of January, 2014.

JAMES L. ROBART
United States District Judge